FARHANG & MEDCOFF
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
T: 520.790.5433
F: 520.790.5736

Robert C. Garcia (#026246)
rgarcia@fmlaw.law
Cody D. Vandewerker (#033385)
cvandewerker@fmlaw.law

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nicholas Delisle,<br><br>            Plaintiff,<br><br>    v.<br><br>Downtown Clifton, LLC and Moniqua Lane and Monte Workman, husband and wife,<br><br>            Defendants. | Case No: CV 18-0008-DTF<br><br>**ANSWER** |

Defendants Downtown Clifton, LLC ("Clifton"), Moniqua Lane ("Lane"), and Monte Workman ("Workman") (Clifton, Lane, and Workman are collectively referred to as "Defendants") for their Answer to Plaintiff Nicholas Delisle's ("Plaintiff") Complaint (Doc No. 1), admit, deny, and affirmatively allege as follows:

    1.    Defendants admit the allegations of Paragraph 1 of the Complaint.

    2.    Defendants admit the allegations of Paragraph 2 of the Complaint. Defendants affirmatively allege that (1) the Fair Labor Standards Act and the Arizona Minimum Wage Act speak for themselves, and (2) Defendants have committed no violation of such acts.

    3.    Defendants admit that Lane is, and at all relevant times was, an Arizona resident, and deny the remaining allegations of Paragraph 3. Defendants affirmatively allege that (1) Clifton's sole member is Downtown Hotel Holdings LLC, and (2) Lane is a

1 manager of Clifton.

2     4. Defendants admit Workman was at all relevant times the husband of Lane but deny the remaining allegations of Paragraph 4.

    5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 5, but believe it may be true, and do not dispute it at this time.

    6. With regard to the allegations of Paragraph 6, Defendants deny this Court has jurisdiction pursuant to 28 U.S.C. § 1131, but admit this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

    7. Defendants admit the allegations of Paragraph 7.

    8. Defendants admit that Clifton employed Plaintiff from September 23, 2015, through November 2017, but deny the remaining allegations in Paragraph 8.

    9. Defendants admit that Lane was Plaintiff's direct supervisor but deny the remaining allegations of Paragraph 9.

    10. Defendants admit Lane directed Delisle's work and dictated the terms of Delisle's employment at the Clifton but deny the remaining allegations of Paragraph 10.

    11. Defendants admit Delisle was an employee of Clifton who was trained to manage the Clifton but deny the remaining allegations of Paragraph 11.

    12. Defendants admit the allegations of Paragraph 12 but deny the allegation or suggestion that the work listed in Paragraph 12 required more than approximately 40 hours per week. Defendants affirmatively allege that Delisle had additional duties that he failed to perform and that he did not satisfactorily perform his duties.

    13. Defendants deny the allegations of Paragraph 13.

    14. Defendants admit that Plaintiff lived at the Clifton but deny the remaining allegations of paragraph 14. Defendants affirmatively allege (1) Plaintiff elected to live at Clifton as part of his compensation, and (2) Plaintiff was not expected or required to be immediately available for hotel services outside of the hours of Clifton's operations.

    15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of Paragraph 16. Defendants affirmatively allege that (1) the most Plaintiff could work in a given day is 12 hours because the Clifton's hours of operation are 8:00AM to 8:00PM, and (2) Plaintiff was "waiting to be engaged."

17. Defendants deny the allegations of Paragraph 17. Defendants affirmatively allege that the most Plaintiff could work in a given day is 12 hours because the Clifton's hours of operation are 8:00AM to 8:00PM.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

### COUNT ONE

### (Minimum Wage Violations Under the Fair Labor Standards Act)

22. Defendants incorporate by reference each and every preceding admission, denial, and affirmative allegation as though fully set forth herein.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants admit the allegations of Paragraph 24.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

### COUNT TWO

### (Minimum Wage Violations Under the Arizona Minimum Wage Act)

27. Defendants incorporate by reference each and every preceding admission, denial, and affirmative allegation as though fully set forth herein.

28. Defendants admit the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

### GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Complaint not specifically

and explicitly admitted herein.

## JURY DEMAND

Defendants hereby demand a trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the allegations in the Complaint, Defendants allege as follows:

1. **Failure to State a Claim**: The Complaint and each cause of action contained therein against Defendants fail to state a claim for relief.  Defendants do not waive and reserve the right to file an appropriate motion pursuant to Federal Rule of Civil Procedure 12.

2. **Failure to Mitigate Damages**: Plaintiff was capable and failed to mitigate his damages.

3. **Payment**: Defendants assert the affirmative defense of payment because Plaintiff has been paid all wages and other benefits to which he is entitled under the Arizona Minimum Wage Act or Fair Labor Standards Act.

4. **Statute of Limitations:** Plaintiff's claims for unpaid minimum wages or liquidated damages under the Fair Labor Standards Act and the Arizona Minimum Wage Act are barred pursuant to 29 U.S.C. § 255(a) and A.R.S. § 23-364(H).

5. **Exempt Employee:** Plaintiff's claims under the Fair Labor Standards Act are barred because Plaintiff was employed as a bona fide executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a) and A.R.S. § 23-362(C).

6. **Good Faith Compliance**: Plaintiff's claims are barred under 29 U.S.C. §§ 259 or 260 because Defendants' actions or omissions, taken in connection with Plaintiff's compensation, were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the U.S. Department of Labor and/or its Arizona equivalent.

7. **Reservation of Rights**: To preserve defenses pending discovery, Defendants

allege those defenses set forth in Federal Rule of Civil Procedure 8(c) and 12(b), and any other affirmative defense that may be revealed during discovery. Defendants reserve the right to amend this Answer at a later time to assert any matters constituting an avoidance or affirmative defense, as discovery shows to be applicable.

**WHEREFORE**, Defendants, having fully responded to the Complaint, request that the Complaint be dismissed with prejudice, that Plaintiff take nothing thereby, that the Court award Defendants their costs, attorneys' fees, and other such relief as the Court deems appropriate.

DATED this 8th day of March 2018.

FARHANG & MEDCOFF

By /s/Cody D. Vandewerker
    Robert C. Garcia
    Cody D. Vandewerker
    *Attorneys for Defendants*

Copy mailed or emailed* this 8th day of March 2018 to:

Thomas Griffin*
ROBAINA & KRESIN PLLC
5343 North 16th Street, Suite 200
Phoenix, Arizona 85016
ttg@robainalaw.com
Attorneys for Plaintiff